1  Alicia Mitchener Mosley

2  1363 Limit Avenue

3  Baltimore, Maryland 21239

4  E-MAIL younganj@yahoo.com

5

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUN 23  P 3: 29

CLERK'S OFFICE
AT BALTIMORE

BY___*Kha*___DEPUTY

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF MARYLAND

8

9  ALICIA MITCHENER MOSLEY

Plaintiff,

10

11  V.

12

13  ONEWEST BANK, DEUTSCHE BANK
NATIONAL TRUST COMPANY,
14  HOMEFIRST MORTGAGE CORP, JACOB
GEESING AND DOES 1 TO 10
15

16  Defendant(s),

17

Case No. 1:2011 CV00698

Hon: Richard D. Bennett

**PLAINTIFFS' PETITION TO DISMISS**

**DEFENDANTS MOTION TO DISMISS**

18

19   PLAINTIFF Alicia Mitchener Mosley Moves this Honorable Court to enter an Order dismissing

20  DEFENDANTS, Motion to Dismiss and here reasserts her allegation in the original complaint

21  inclusive in its entirety of all arguments, precedents and pleading formerly made as if fully set

22  forth herein, against Defendants,  and states the following:

23  Defendants Motion to dismiss is unsupported by facts. The allegations put forth in said motion,

24  such as violation of TILA have only a controverted factual relation to the action and must be

25  decided upon and therefore insufficient as a defense and cannot be grounds to dismiss. For

26  example, "a defense that might  confuse the issues in the case and would not,  under the facts

27  alleged, constitute a valid defense to the action, can and should be deleted **"FDIC v Hurdman,**

28  **D.C. Cal. 1987, 655 F. Supp. 259, 263, quoting Wright & Miller, and if left to stand in the**

**record will cause prejudice to the Plaintiff.**

1  The grounds for dismissal under Rule 12(b)(6) are essentially a claim by Defendants that no
2  material facts in dispute are before the Court and there is not a claim sufficient to sustain relief.
3  Defendants, by the action of placing exhibits into the record, and making various statements and
4  claims in the pleading, has confirmed that there are factual issues in dispute which must be
5  decided upon.
6  Defendants claim that Plaintiff "fails to state a claim for which relief can be granted" but does not
7  support that claim with any facts drawn from Plaintiff's complaint that would indicate how
8  Plaintiff's complaint fails. Generally the allegations of a complaint are to be liberally construed."
9  **Schlesinger Investment Partnership v Fluor Corp., 671. 2d 739 (2d Cir. 1982)**
10  <u>the dismissal with prejudice of a complaint without leave to replead or conduct discovery</u>
11  <u>contradicted the liberal federal policy in pleading and discovery).</u>  **"This is especially true**
12  **when the complaints is made pro se" Estelle v Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d**
13  **251 (1976).**
14  Plaintiff overcomes the Defendants allegation that she has "failed to state a claim for which relief
15  can be granted" and presumptions contained in Plaintiffs Complaints must be accepted as true for
16  the purposes of determining Defendants Motion to Dismiss.  Not only must the Court presume all
17  factual allegations to the Complaint to be true but all reasonable inferences are to be made in favor
18  of the Plaintiff.  It was error for a district court to dismiss a claim by construing the allegations as
19  narrowly as possible in drawing all inferences against the **Plaintiff" Illinois Migrant Council v.**
20  **Campbell Soup Co., 519 F.2d 391 (7th Cir.1975). [See also Bryan v. Stillwater Bd. Of**
21  **Realtors, 578 F.2d 1319 (10th Cir. 1977)**
22  Defendants Motion to Dismiss does not conform to F.R.E. 602, as the Defendants are decedents,
23  are giving what appears to be testimony, which they have neither **VERIFIED** nor attested to.
24  Furthermore, they have no firsthand knowledge of any facts of the matter; and there is no evidence
25  in the record to support that they do.
26
27
28

RESPONSE

# TILA STATUTES

**The general rule you will normally see in regard to TILA 3 year right of rescission is the following:**

"Section 1635 of TILA allows consumers to rescind "any consumer credit transaction . . . in which a security interest . . .is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended," so long as such rescission takes place within three days of the consummation of the transaction or the delivery of required disclosures under TILA, whichever occurs later. 15 U.S.C. § 1635. If the lender never submits the required disclosures, the borrower's **right to rescission expires three years after the consummation** of the transaction. 15 U.S.C. § 1635(f)." In the seminal case of Beach v., Ocwen, 523 U.S. 410, the United State Supreme Court held: "the right of rescission is completely extinguished after three years from the date of the loan's consummation." See also 15 U.S.C. § 1635(f). Equitable tolling does not apply to an action for rescission under TILA. See Mays v. U.S. Bank National Association, 2010 WL 318537 (E.D. Cal.2010).

This then begs the question, when is a loan "consummated" under TILA. According to the FDIC on this website, consummation means when a consumer becomes obligated on a loan." See also 12 C.F.R. § 226.2(a)(13).

Under Regulation Z, which specifies a lender's disclosure obligations, "consummation" of the loan occurs when the borrower is "contractually obligated." 12 C.F.R, §226.2(a)(13). The point at which a "contractual obligation ... is created" is a matter of **state law**. 12 C.F.R. pt. 226, Supp. 1 (Official Staff Interpretation), cmt. 2(a)(13). Under California law, a contract is formed when there are (1) parties capable of contracting, (2) mutual consent, (3) a lawful object, and (4) sufficient cause or consideration. See *California Civil Code Section 1550* and Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).

Under TILA, the Courts must look to state law in determining when a borrower becomes contractually obligated on a loan. At the very least, before you can have a contract, there must be specifically identified parties to the contract (meaning an identified lender and a identified borrower) – "parties capable of contracting" as set forth above and sufficient consideration.

Now, in the good old days a borrower and a bank would contract to lend money. The borrower would borrow the money and offer a security interest in its property, and the bank would lend money off its balance sheet and hold both the note and mortgage (deed of trust) in the event you failed to pay. Those days are gone for a large number of "securitized loans" (loans that are bundled into pools and sold off on Wall Street). Nowadays, you have a loan "originator" posing as a "lender" and the loan originator is not loaning you a dime (rather, someone else or some other entity is funding, lending, or table funding the loan). In this scenario, the originating lender, purporting to contract to "lend" you money, is not actually lending you any money. In reality, they are doing nothing more than earning a commission on the money SOMEONE ELSE IS LENDING YOU (i.e. some Wall Street investor in your loan pool who is funding the loan, who is NOT IDENTIFIED AT ANY STAGE OF THE LOAN PROCESS, and who expects a return on their investment). These hidden investors are the true "lender" who is the source of funds for your loan. Strange, but true.

3

---

So, when you contract with the "originator" of the loan (as opposed to the lender), has the true lender ever been identified? No, they have not. So shouldn't the promissory note be between you and the real lender? After all, the "lender" on the note and deed of trust never lent you any money, and this can be verified by looking at their balance sheet. Do you have an enforceable contract to lend money under state law in this scenario? That is an issue to litigate under TILA – in my opinion. The originator is representing that they are lending you money,, when in fact they are not. They are serving as an intermediary for someone else to lend you money. Is there a meeting of the minds under this scenario?

There are a few other cases I have come across in my research that indicate, that under this scenario (usually involving MERS securitized loans, and other hard money loans where undisclosed entities are table funding the loan), the LENDER MUST BE IDENTIFIED BEFORE THE THREE YEARS BEGINS TO RUN, WHICH MEANS, IF YOU DO NOT KNOW WHO THE REAL "LENDER" IS, OR THE TRUE "SOURCE OF FUNDS" FOR YOUR LOAN, THE THREE YEAR CLOCK TO EXERCISE YOUR RESCISSION RIGHTS MAY NOT BEGIN TO RUN.

(1) Ramsey v. Vista Mortgage Corp, 176 BR 183 (TILA RESCISSION IN BANKRUPTCY CHAPTER 13 CASE). In this case, the court laid down the test of when the three year right to rescind begins to run and specifically tackles the concept of when a loan is "consummated." Several internal citations also help clarify this point. Here is what the Ramsey Court said:

"When Ramsey signed the loan documents on September 13, 1989, *he knew who was going to provide the financing*. Courts recognize the date of signing a binding loan contract as the *date of consummation when the lender is identifiable*." The Court also cited to the Jackson v. Grant, 890 F.2d case (9th Circuit 1989), a NON-BANKRUPTCY CASE, and said: "*the Ninth Circuit held that under California law a loan contract was not consummated when the borrower signed the promissory note and deed of trust because the actual lender was not known at that time.* Under these circumstances, the loan is not "consummated" until the actual lender is identified, because until that point there is no legally enforceable contract."

ANALYSIS: It seems fair to say that the Courts are not willing to find a contractual obligation exists under State Law until a true and actual lender is identified. "Pretender lenders" – as Neil Garfield calls them – and intermediary "originators" who make false representations to the effect that they are "lending money"and are your "lender" should not be sufficient to set the three year TILA rescission clock in motion. Until the real Wall Street entity, or Wall Street Investor, or true source of the table funded loan is identified, the loan should not be deemed "consummated" under TILA and the three year right to rescind should remain open until such disclosure is made. That is TRUTH IN LENDING WHICH IS THE WHOLE POINT OF TILA IN THE FIRST PLACE.

THIS MEANS, IF YOU STILL DO NOT KNOW WHO YOUR LENDER IS AFTER DUE DILIGENCE (AND BELIEVE ME WE TRY WITH DEBT VALIDATION LETTERS, CHAIN OF TITLE REVIEWS, FANNIE AND FREDDIE LOAN LOOKUPS, QUALIFIED WRITTEN REQUESTS, 15 US.C. 1641 LETTERS, UCC PRESENTMENT LETTERS, ETC.).

**This means that the Judge has no discretion to deny damages, refunds etc to Borrower once a violation of TILA,  no matter how small, is discovered .**

Case 1:2011 CV00698-RDB      Filed: 06/23/2011                                    Page 5 of 7

## CONCLUSION

1
2
3  **Defendants  MOTION TO DISMISS fails to plead their defenses " in short and plain terms"**
4  **fails to meet the " with particularity" standard, fails to include the ultimate fact or**
5  **conclusion of law, fails by making numerous conclusory statements. Therefore, Plaintiff**
6  **respectfully petitions that all,  DEFENDANTS,  MOTION TO DISMISS be dismiss from the**
7  **record and Plaintiff be allowed to proceed with discovery at the very least.**
8
9  **WHEREFORE** Plaintiff move the Court to enter an Order denying Defendant's motion to
10  dismiss and granting relief as the Court may deem reasonable under the circumstances.
11
12  Date June __23__ , 2011                          By: _____
13                                                        Alicia Mitchener Mosley, Plaintiff
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPONSE

1

## PROOF OF SERVICE BY MAIL

2

Federal Rules of Civil Procedure, Rule 5

3

STATE OF MARYLAND, COUNTY OF BALTIMORE

4

I am employed in the County of Baltimore State of Maryland, I am over the age of 18 and not a party to the

5

within action;
My Business address is _____ .

6

On ___June 23___, 2011, I served the foregoing documents described as PLAINTIFF PETITION TO

7

DISMISS DEFENDANTS MOTION TO DISMISS, on
The interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed

8

as follows:

9

HOME FIRST MORTGAGE CORP

10

207 SOUTH ALFRED STREET
ALEXANDRIA, VA 22314

11

KENNETH R. WEST, ESQ.

12

ABRAMS & WEST, P.C.
4550 MONTGOMERY AVENUE

13

SUITE 760N
BETHESDA, MARYLAND 20814

14

JACOB GEESING

15

BIERMAN, GEESING, WARD & WOOD, LLC
4520 EAST-WEST HIGHWAY, SUITE 200

16

BETHESDA, MARYLAND 20814

17

DEUTSCHE BANK NATIONAL TRUST COMPANY

18

1761 E SAINT ANDREW PLACE
SANTA ANA, CA 92705-4934

19

ONEWEST BANK, FSB

20

6900 BEATRICE DRIVE
KALAMAZOO, MI 49009

21

22

JOHN B. ISHBISTER
TYDINGS & ROSENBERG, LLP
100 EAST PRATT STREET, 26TH FLOOR

23

BALTIMORE, MARYLAND 21202

24

25

[ x ]   BY MAIL

26

    [ x ]   I deposited such envelope in the mail at Baltimore, Maryland. This envelope was mailed with
postage thereon fully prepaid.

27

    [  ]   I am "readily familiar" with the business practice  at my place of business for collection and

28

processing correspondence for mailing. It is deposited with U.S. postal service on that same day with
postage thereon fully prepaid at Baltimore, Maryland in the ordinary course of business.

6

1

2

Executed on ___June 23___ , 2011, at Baltimore, Maryland

3

[ x ]  I declare under penalty of perjury under the laws of the State of Maryland that the above is true and
correct.

4

5

  Alicia Mitchener Mosley  
Type or print name                                    Signature

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7