IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ALICIA MITCHENER MOSLEY | * |
| Plaintiff, | * |
| v. | *  Civil Action No.: RDB-11-00698 |
| ONEWEST BANK, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Alicia Mosley ("Plaintiff" or "Mosley"), brings this *pro se* action seeking a rescission of the mortgage issued to her on March 14, 2007 because of violations of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA") and quiet title in the real property located at 2103 Southern Ave., Baltimore, MD 21214 ("the Property") against Defendants OneWest Bank ("OneWest"), Deutsche Bank National Trust Company ("Deutsche Bank"), HomeFirst Mortgage Corp ("HomeFirst") and Jacob Geesing ("Geesing") (collectively "Defendants"). Defendants Geesing and HomeFirst separately moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Nos. 6 and 10). Similarly, Defendants Deutsch Bank and OneWest Bank filed a Joint Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 12). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' Motions to Dismiss (EFC Nos. 6, 10, and 12) are GRANTED.

## BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). A *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of her claim that would entitle her to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Construing the complaint liberally, *see De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003), Plaintiff alleges violations under TILA and seeks to quiet title in the Property. Plaintiff seeks declaratory relief with respect to the TILA violations and an order compelling Defendants to transfer legal title and possession of the Property to Plaintiff.

In 2007, Plaintiff decided to refinance a home loan secured by the Property. *See generally*, Compl., EFC No. 1. On March 14, 2007, HomeFirst Mortgage Corporation issued Plaintiff a loan ("the Loan") in the amount of $199,800 as evidenced by a promissory balloon note ("the Note") and secured by a deed of trust (the "Dead of Trust") granting the Note's holder a lien in the Property. Compl., Ex. 2 at pp. 13-36. Before April 2010, OneWest Bank was the apparent holder of the Note and Deutsche Bank was the appointed Trustee. Compl. ¶XVIII, Ex. 3. By Deed of Appointments dated April 9, 2010 Geesing, was appointed as Substitute Trustee, and initiated a foreclosure action on Mosley's property in the Circuit Court for Baltimore City, Maryland. *See Geesing, et al. v. Mosley,* Baltimore City Cir. Ct. Case No. 24-O-10-001969, Def. Geesing's Mem. of Law in Supp. of Mot. Dismiss, Ex. 2 (EFC No. 6-3). On June 18, 2010 Plaintiff's Property was then sold at a foreclosure auction to Deutsche Bank. Geesing's Mem. of Law, Ex. 2. The foreclosure was ratified by the Baltimore City Circuit Court. Compl., Ex. 2 at 63. On October 5, 2010 Plaintiff informed Defendants that she intended to execute a rescission

of the loan under TILA. Compl. ¶¶ II – III. On October 18, 2010 the Property was conveyed to Deutsche Bank. Geesing's Mem. of Law, Ex 2.

On March 15, 2011, Plaintiff filed this action seeking rescission of her loan under TILA, 15 U.S.C. §1601 *et seq.*, and asking the court to quiet title to the Property. Geesing, and HomeFirst separately filed Motions to Dismiss for failure to state a claim, and OneWest Bank and Deutsche Bank, jointly filed another Motion to Dismiss for failure to state a claim. Subsequently, Geesing and HomeFirst filed Replies in support of their Motions to Dismiss (EFC No. 19 & 20) adopting OneWest Bank and Deutsche Bank's Reply in full (EFC No. 15).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 555 (noting that "courts are not bound to accept as true a legal

conclusion couched as a factual allegation" (internal quotation marks omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

### I.     Count I: Plaintiff's Truth in Lending Act Claims

Mosley claims that Defendants violated TILA and therefore is requesting rescission of her mortgage. Defendants in their Motions to Dismiss argue that Plaintiff's claims under TILA are time-barred because she did not file her rescission claim within three business days or the extended three year time period afforded under 15 U.S.C. §1635. Furthermore, Defendants contend that the foreclosure sale of the Property time-barred Mosley's rescission claim. Even if, Plaintiff had not been time-barred, Defendants argue that Mosley has not alleged sufficient facts

to show that she would tender her obligations as required under 15 U.S.C. §1635(b).  Finally, Defendants claim that Plaintiff's allegations are too conclusory to meet the pleading standard required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Additionally, TILA is a federal statute applicable only to creditors and governs the terms and conditions of consumer credit by requiring that lenders disclose certain details about loans, fees, and costs.  *See* 15 U.S.C. § 1601, *et seq.*  As a threshold matter, TILA only applies to creditors and the assignees of those creditors.  A "creditor" is defined by TILA as someone who both: "(1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required;" and "(2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness."  15 U.S.C. § 1602(f).  Trustees do not extend credit and were not involved in the origination of Mosley's loan.  This Court has previously held that TILA does not apply to trustees because they are not "creditors" as defined in 15 U.S.C. § 1602(f).  *See, e.g ., Davis v. Wilmington Fin., Inc.,* 2010 U.S. Dist. LEXIS 29263, at *14 (D.Md. Mar. 26, 2010) (holding that the same set of trustees—Geesing, Bierman and Ward—cannot violate TILA by acting as substitute trustees because they are not creditors as defined by TILA); *Barbosa v. Aurora Loan Servs., LLC,* 2009 U.S. Dist. LEXIS 58772, at *10-11 (D. Md. July 9, 2009) ("TILA does not apply to [Substitute] Trustees because they are not 'creditors' as defined by 15 U.S.C. § 1602(f), nor were they involved in the origination of the loan.").  Therefore, Geesing cannot be sued in his capacity as a Substitute Trustee under the Deed of Trust and Count I of this action is dismissed against Geesing.

Furthermore, Mosley has not pled sufficient facts in her Complaint to demonstrate that OneWest Bank meets both prongs of the definition of "creditor" under TILA.  In order for a

TILA claim to be sufficient, "Plaintiff must assert that Defendants are 'creditors' within the statute." *Carter v. Alston,* 2005 WL 3021975 at *2 (E. D. Va. Nov. 10, 2005) (granting defendant's motion to dismiss because the plaintiff's factual allegations were insufficient to show that the defendants met the two-prong test for the definition of 'creditor' under TILA.)

The Complaint alleges no facts that warrant considering OneWest as a "creditor." OneWest was the service provider for the owner of the Loan. OneWest's duties included collection of debt but the ownership of the Loan remained with the actual owner of the Loan. Compl. Ex. 2 at 1-6. OneWest does not satisfy the second prong of the definition of creditor in TILA, "the person to whom the debt . . . is initially payable" or an assignee of that person. 15 U.S.C. § 1602(f). OneWest is acting in a service capacity and has no independent financial interest in the Loan. Accordingly, Plaintiff cannot state a claim under TILA against OneWest because it is not a "creditor" and therefore Count I of the Complaint is dismissed against OneWest.

### a. Plaintiff's Request for Rescission under TILA Fails Because it is Time-Barred

TILA provides three business days for rescission for loan transactions where a borrower pledges their home as collateral. 15 U.S.C. §1635(a); *see also* 12 C.F.R. §226.23(a)(3). If a creditor fails to provide correct TILA disclosures, §1635(f) extends that period to "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. 1635(f).

In this case, the loan was consummated on March 14, 2007. A rescission on the basis of 15 U.S.C. §1635(a) would have needed to occur on March 19, 2007. Plaintiff has not pled that there were any material defects or omissions on her originating lender's TILA disclosures. Accordingly, Mosley's rescission attempt is time-barred under TILA. Even assuming that a

violation had occurred at origination that had the effect of allowing Plaintiff's rescission right to extend for three years, until March 14, 2010, Mosley's rescission attempt would still be time-barred because the Complaint was filed on March 15, 2011. *See Decosta v. U.S. Bankcorp*, 2010 WL 3824224 at *4 (D. Md. Sept. 27, 2010) (holding that the operative date for determining whether a TILA rescission was asserted timely is the date the borrower files a complaint seeking enforcement).

In addition, the Property was sold at auction on June 18, 2010 and the foreclosure had been judicially ratified. The statute provides that a judicially ratified foreclosure sale bars a plaintiff's right of rescission. *See* 15 U.S.C. §1635(f); *Wordell v. Federal National Mortgage Association,* 2011 WL 883914 at *3 (D. Md. Mar. 11, 2011) (holding that even if plaintiff had filed to seek rescission within three years, the home had already been sold and the foreclosure had been judicially ratified. The foreclosure sale terminated plaintiff's right of rescission and thus Wordell's claim for rescission is time-barred). Similarly, Plaintiff's Property was sold at a foreclosure auction and thus Mosley's right to rescission was terminated and her rescission claim is time-barred under TILA.

Although, Plaintiff acknowledges that she is past the date of filing for a TILA rescission claim, she argues that her lateness should be excused under the principle of "equitable tolling." Compl. ¶VII. TILA rescissions are not subject to equitable tolling. The United States Court of Appeals for the Fourth Circuit has stressed that §1635(f) "is an absolute time limit," and that the statute "precludes a right of action after a specified period of time . . . [and] the time period stated therein is typically not tolled for any reason." *Jones v. Saxon Mortg. Inc.,* 537 F. 3d 320, 327 (4th Cir. 1998). Additionally, the Supreme Court has ruled that the "manifest intent" of Congress in §1635(f) "permits no federal right to rescind, defensively or otherwise, after the

three year period of §1635(f) has run." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 416–17, (1998). The Supreme Court interpreted §1635(f) as an unbendable prohibition which speaks "in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous." *Id.* at 417.

As a result, Plaintiff's claims are time-barred because she did not exercise her right of rescission three business days after the closing, nor did she file her complaint within the three year statutory requirement. Furthermore, there are not equitable tolling principles that apply to Plaintiff's claims. Accordingly, Plaintiff's Count I claim for right of rescission for a violation of TILA is dismissed as it is time-barred.

### b. Rule 12(b)(6)

As discussed above, the standard of review for a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In this case, Plaintiff alleges that HomeFirst, OneWest Bank, Deutsche Bank, and Geesing have all violated TILA 15 U.S.C. §1601 *et seq.*, and is seeking rescission of her loan under TILA. Plaintiff simply contends that her lender violated TILA, she does not explain or describe how any of the Defendants specifically violated TILA. She merely states that "upon learning of various TILA violations, the Plaintiff sent Notice of Rescission Letter under TILA, Request for Discovery and to no avail, Defendants failed to comply with the request." Compl. ¶II. Additionally, Plaintiff incorrectly argues that she does not have to allege specific violations

because TILA does not require her to notify Defendant of these violations. Moreover, Plaintiff cites no binding legal authority in support of her argument that TILA rescission counts are exceptions to the traditional pleading requirements. Furthermore, Plaintiff leaves all Defendants to guess the factual basis of Count I. Such conclusory allegations cannot state a claim upon which relief may be granted because "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . " *Iqbal*, 129 S. Ct. at 1949-50.

Moreover, Plaintiff's Complaint is deficient because she has failed to allege in her Complaint that she has tendered or has the ability to tender the borrowed funds back to her current secured party as mandated under 15 U.S.C. §1635(b) and 12 C.F.R. §226.23(d). Plaintiff incorrectly asserts that TILA automatically void's a creditor's security interest upon creditor's simple receipt of a rescission letter. The Fourth Circuit has held that a borrower's right to rescind under TILA is contingent on the borrower's ability to tender the loan proceeds back to the lender. *Am. Mortgage Network, Inc., v. Shelton*, 486 F. 3d 815, 821 (4th Cir. 2007). The Court found that "rescission is an empty remedy without Plaintiff's ability to pay back what they have received, minus interest and finance charges." *Id.* at 820-21. Accordingly, to state a claim for TILA rescission "that is plausible on its face" *Twombly*, 550 US at 570, a Fourth Circuit plaintiff must plausibly allege that she will be able to tender the loan proceeds in the event the court orders rescission. *Wordell,* at *2 (citations omitted).

Here, Mosley has not alleged that she will tender the loan proceeds. Plaintiff only alleges that once the lender's security interest is terminated she "is prepared to discuss a tender obligation, should it arise, and satisfactory ways to meet this obligation." Compl. ¶15. This reference to tender is speculative and insufficient to demonstrate that Plaintiff will be able to tender the amount necessary to effectuate a rescission. *See, Cheche v. Wittstat Title & Escrow*

*Co., LLC*, 723 F. Supp 2d 851, 858-59 (E. D. Va. 2010) (dismissing a claim for rescission where plaintiff alleged that she "might be able to obtain funds to tender the remaining amount due" on the loan because she did not "provide sufficient factual allegations demonstrating a 'plausible ability to tender.'")  Similarly, in this case, Plaintiff has failed to state in her Complaint or make a showing that she could and would be able to repay the amount due on her loan to the lender in the event of a rescission.  Plaintiff's statement that she would discuss tendering the obligation is not a sufficiently affirmative statement of present ability to tender the loan proceeds back.  *See Wordell*, at *4 (court opined that since plaintiff had not stated that he had "the ability to repay the amount of the loan" and did not "indicate any intention to do so" the complaint could be dismissed for failure to state a claim on which relief could be granted).  Accordingly Plaintiff's complaint fails to state a claim upon which relief can be granted. Thus, Defendants' Motions to Dismiss Plaintiff's TILA claims are GRANTED.

## II.     Count II: Plaintiff's Quiet Title Claim

In Count II, Plaintiff requests the Court to quiet title to the Property in her favor.  Plaintiff argues she has basis for this quiet title claim because she allegedly has not been able to ascertain which party owns the Note underlying the Deed of Trust.  Defendants argue that Mosley has not alleged a right to rescission and therefore does not meet the statutory requirements of a quiet title claim.

As a preliminary matter, Defendant Geesing did not assert any interest in the Property at all on March 15, 2011, the date Plaintiff filed her suit.  On October 18, 2010, Defendant Geesing had conveyed his entire interest in the Property to the foreclosure purchaser.  As such, Defendant Geesing is not a proper party against whom to bring this quiet title claim.  Additionally, Defendant HomeFirst has not asserted any interest in the Property and on the date of filing,

Defendant HomeFirst did not have any interest in the Property and is also not a proper party against whom to bring this quiet title claim.

Under Md. Code Ann., Real Prop. §14-108(A), a person in "actual peaceable possession of property" may sue to quiet title when "her title to the property is denied or disrupted, or when any other person claims . . . to own the property . . . or to hold any lien encumbrance on it." In *Kadson,* the court found that "A quiet title action is a suit in which a plaintiff seeks to decree some allegedly adverse interest in her property is actually defective, invalid, or ineffective prior to and at the time the suit is brought, either because the lien was invalidly created, or has become invalid or has been satisfied." *Kadson v. G.W. Zierden Landscaping Inc.,* 541 F. Supp 991, 995 (D. Md. 1982). Moreover, "to state a successful quiet title action, the plaintiff must show his claim to title and allege an invalid or defective adverse interest." *Koehler v. Wells Fargo Bank,* 2011 WL 691583 at *4 (D. Md. Feb. 18, 2011). In dismissing plaintiff's quiet title action in *Koehler*, the court stated that since, "the plaintiff admits he received and defaulted on a mortgage from the defendant, and conveyed the deed of trust, the quiet title action should be dismissed if the plaintiff has not shown a right to rescission of the mortgage." *Id.* at *13.

Here, Plaintiff admits that she entered into a mortgage and conveyed a deed of trust. Plaintiff has not shown her claim to title or an invalid interest in the property because as discussed above, Plaintiff has not properly plead or demonstrated any legal right to rescission of her mortgage. Additionally, when this action was filed, Plaintiff was not in actual possession of the Property, because the Property had been sold to the foreclosure buyer on June 18, 2010 and Plaintiff was evicted. Plaintiff's quiet title claim is dismissed because she cannot satisfy the statutory requirements for a quiet title action. Defendants' Motions to Dismiss Plaintiff's Quiet Title claim are GRANTED.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant Geesing's Motion to Dismiss (EFC No. 6), Defendant HomeFirst's Motion to Dismiss (EFC No. 10) and Defendants OneWest Bank and Deutsche Bank's Joint Motion to Dismiss (EFC No. 12) are GRANTED. Plaintiff's Complaint (EFC No. 1) is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: October 19, 2011                    /s/_____
                                           Richard D. Bennett
                                           United States District Judge